<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHAN BYRD,<br><br>  Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | No. 23cv9610 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge**

Petitioner Stephan Byrd, a prisoner currently confined in the United States Penitentiary Victorville in Victorville, California ("USP Victorville"),[1] filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, *In Re* Crim. No. 15-409.  D.E. 1 ("Motion to Vacate"). Presently before the Court are:  (1) Petitioner's Motion to Compel Judgment Pursuant to Federal Rule of Civil Procedure 12(c), D.E. 31 ("Motion for Judgment"); (2) Petitioner's Motion to Compel Hazelton United States Penitentiary to Produce Petitioner's Legal Property Pursuant to First Amendment Rights to Access the Courts, D.E. 32, ("Motion to Compel"); (3) Petitioner's August 25, 2025 letter, D.E. 34 ("Aug. 25 letter"); and (4) Petitioner's August 29, 2025, D.E. 35 ("Aug. 29 letter").[2]

For the reasons explained below, the Court will **DENY** *without prejudice* Petitioner's Motion for Judgment, **DISMISS** Petitioner's Motion to Compel, and **GRANT** Petitioner leave to: (1) resubmit his Sur-reply or otherwise file a reply to Respondent's Answer in this matter; (2) file

---

[1] At the time Petitioner filed these motions, he was confined in the Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia ("FCI Hazelton").

[2] These letters both, among other things, address the fact Petitioner has filed multiple submissions that are missing from the docket and that Petitioner has not received a copy of multiple filings.

1

a reply to the Government's letter at Docket Entry No. 25; and (3) resubmit any motions that were not docketed in this matter.

I.  **PETITIONER'S MOTION TO COMPEL**

On August 26, 2025, Petitioner filed a Motion to Compel FCI Hazelton staff including the warden "Ms. Starr" and "Captain Frisk" to mail Petitioner all his legal property upon his transfer to another prison. Motion to Compel at 3, 4. Petitioner alleged that failure to provide him with his legal materials "could result in a First Amendment violation, a Fourteenth Amendment violation, and a Fifth Amendment due process violation. *Id.* at 1. Petitioner states that he is litigating his Motion to Vacate, but he does not specify what documents he needs from FCI Hazelton for this Court to adjudicate the matter. *See id.* As discussed below, Petitioner contends that he has submitted his Sur-Reply to this Court in December 2024. *See* Aug. 25 & 29 Letters. Petitioner also has a pending Motion for Judgment before the Court, which suggests this case is ready for resolution. Moreover, insofar as Petitioner wishes to file a civil rights complaint alleging a First Amendment access to Courts claim based on his missing legal materials, he must file a complaint in a new action, and either pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Therefore, the Court will **DISMISS** *without prejudice* Petitioner's Motion to Compel. Petitioner may file this motion in a new civil action, in which he alleges facts to state a constitutional violation for this claim.

II. **PETITIONER'S SUR-REPLY**

On May 30, 2024, Respondent filed an Answer to Petitioner's Motion to Vacate. D.E. 23. Upon the Honorable Robert B. Kugler's retirement, this matter was reassigned to the undersigned on June 21, 2024. D.E. 28. On June 26, 2024, this Court granted Petitioner's request for a 180 day extension of time to file a reply to Respondent's Answer. D.E. 28.

2

Although over a year has passed, there is no reply brief from Petitioner filed on the docket. *See* Dkt. However, Petitioner has represented in multiple letters to the Court that he drafted a Sur-Reply (which this Court assumes is his reply to Respondent's Answer), and that the Clerk's Office received it, but has not docketed it. *See* Aug. 29 Letter at 2-3. Petitioner claims the Sur-reply was received by the Clerk's Office because he received a signed return receipt in December 2024 from a member of the Clerk's Office. *Id.* at 3. Petitioner also asserts that he has filed other motions in this matter which do not appear on the docket. *Id.* at 2.

The Court does not doubt the veracity of Petitioner's statements, but unfortunately, the Court does not have the documents he purportedly filed. Accordingly, the Court will provide Petitioner leave to resubmit his Sur-Reply or otherwise file a reply to Respondent's Answer. The Court will also direct the Clerk to send Petitioner a copy of Respondent's letter at Docket Entry No. 25, which Petitioner also asserts he never received. Aug. 26 Letter at 2. Petitioner may file a brief response to D.E. 25—no more than 5 pages. If Petitioner's previously submitted motions are still relevant, he may resubmit those motions with his reply to the Answer and his reply to the Government's letter.

### III. PETITIONER'S MOTION FOR JUDGMENT

The Court does not have Petitioner's reply to Respondent's Answer. Therefore, the Court will **DENY** *without prejudice* Petitioner's Motion for Judgment until the briefing is complete. The Court will promptly resolve this matter upon Petitioner's submissions.

### IV. CONCLUSION

For the reasons stated above,

**IT IS**, on this **22nd** day of January 2026

**ORDERED** that the Motion for Judgment, D.E. 31, is **DENIED** *without prejudice*; and it is further

3

**ORDERED** that the Motion to Compel, D.E. 32, is **DENIED** *without prejudice*; and it is further

**ORDERED** that Petitioner may, **within 60 days of this Order**: (1) file a reply to Respondent's Answer [or re-file his previously submitted Sur-reply]; (2) file a 5-page reply to the Government's letter at D.E. 25; and (3) refile any motions missing from the docket; and it is finally

**ORDERED** that the Clerk shall send to Petitioner a copy of this Order, a copy of the letter at Docket Entry No. 25, and a copy of the docket sheet by regular United States mail to his address[3] at USP Victorville:

> **STEPHAN BYRD (66971-050)**
> USP Victorville
> U.S. PENITENTIARY
> P.O. BOX 3900
> ADELANTO, CA
> 92301

_____
Evelyn Padin, U.S.D.J.

---

[3] The Clerk shall also update Petitioner's address so that all future filings are also sent to USP Victorville.